IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PRESTON SEAN GREEN #342069 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-11-3687 |
| DIVISION OF CORRECTIONS, et al. | * | |
| Defendants | * | |

\*\*\*

## **MEMORANDUM OPINION**

Pending is the Division of Correction and Officer Shawn Ryan's Motion to Dismiss, or in the Alternative Motion for Summary Judgment. ECF No. 17. Plaintiff has responded. ECF No. 19. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2011).

### **Background**

In an unverified Complaint, Plaintiff alleges that on October 23, 2010, he was strip searched and placed naked in a room where he was left for approximately 20 hours. He states he was "mentally affected" by the experience. ECF Nos. 1 & 3.

The uncontroverted records demonstrate that on October 23, 2010, Defendant Ryan attempted to strip search Plaintiff following a visitation. ECF No. 17, Exs. 1 & 2. During the search, Ryan instructed Plaintiff to "bend at the waist and spread his cheeks for visual inspection." Id., Ex. 2. Plaintiff refused, stating, "I read that we don't have to do that shit." Ryan advised Plaintiff that if he failed to comply he would be moved to housing unit 5 and issued an infraction. Plaintiff again refused to comply. After Plaintiff dressed himself he was handcuffed and escorted out of the visiting area without further incident. Id.

According to the Affidavit of Lt. Robinette, corrections personnel suspected that Plaintiff had inserted or swallowed a controlled dangerous substance (CDS). Id., Ex. 4. As such, Plaintiff was placed in a special confinement cell within the segregation unit where he could be observed every 15 minutes by correctional officers and approved inmates who serve as observational aides.[1] Id., Ex. 3 & 4. Plaintiff remained in the special observation cell until he complied fully with the strip search on October 24, 2010. Id., Ex. 3. Robinette avers that he does not recall whether Plaintiff was naked during the duration of his stay in the observation cell, nor are there records available which describe Plaintiff's state of dress in the observation cell. Id.

On October 24, 2010, Plaintiff was issued a Notice of Inmate Rule Violation. Id., Ex. 2. After a hearing conducted on November 16, 2010, Plaintiff was found guilty. Plaintiff's appeal was denied. Id.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

---

[1] Pursuant to institutional policy when an inmate refuses to comply with a strip search they are placed on segregation. Id., Ex. 3. Once on segregation, inmates are given an opportunity to comply with the strip search. If they refuse they are placed in a special confinement cell where they can be observed for signs that they swallowed contraband and/or are experiencing medical complications. Inmates remain in the special observation cell until they comply with the strip search. Defendants indicate that generally inmates so confined are provided with a security smock to cover themselves; however, if staff suspects that an inmate may use the smock for hiding contraband or for another wrongful purpose, the inmate may be denied a smock during special confinement. Id.

>  otherwise properly supported motion for summary judgment; the
>  requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to...the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. See Penhurst State School and Hospital v. Halderman, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, see Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's Complaint against the Division of Corrections, an agency within the State of Maryland, is barred by the Eleventh Amendment.

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. Rhodes v. Chapman, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." Id. In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.' Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) citing Wilson v. Seiter, 501 U.S. 294, 298-300 (1991).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir.1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. See Odom v. South Carolina Dept. of Corrections, 349 F. 3d 765, 770 (4th Cir. 2003).

4

Assuming, arguendo, that Plaintiff's allegations that he was left naked in a cell for 20 hours satisfies the subjective component of an Eighth Amendment claim,[2] Plaintiff has not demonstrated a serious or significant physical or emotional injury resulting from the conduct. As evidenced by the absence of any injuries, the conditions described by Plaintiff do not begin to approach a wanton and unnecessary infliction of pain.[3] See Strickler v. Waters, 989 F. 2d 1375, 1381 (4th Cir. 1993) (absence of serious or significant injury establishes prisoner not subjected to cruel and unusual punishment). As such his claim fails.

## Conclusion

For the aforementioned reasons, Defendants' Motion, construed as a motion for summary judgment, shall be granted. A separate Order follows.

September 28, 2012                                                          /s/
                                                              _____
                                                              George L. Russell, III
                                                              United States District Judge

---

[2] See McCray v. Burrell, 516 F.2d 357, 369 (4th Cir. 1974) (holding two 48-hour periods of nude confinement in a cell with nothing but a drain hole per se violation of Eighth Amendment). Unlike the allegations in the instant case, McCray was placed in mental observation cell in the prison naked without a blanket or mattress and with no where to sit, lie or lean except against bare concrete or bare tile. He had no sink or running water and his only toilet was a hole in the floor. Additionally, he was denied all articles of personal hygiene and Defendants failed to call for a mental health examination as required under institutional directives. Id. at 369. Here, Plaintiff was placed on 15 minute observation. Notes recorded on the observation sheet indicate Plaintiff was calm and observed sitting on both the toilet and the bed. The notes also reflect Plaintiff's efforts to keep warm. ECF No. 17, Ex. 4.

[3] In the absence of showing physical injury, any claim for damages may not proceed. The Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for any emotional and mental injury. See Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997).